IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNIVERSAL BONDING INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:03-CV-453 (SHIRLEY) |
| MIDSTATE CONSTRUCTION, LLC, JERRY W. PARDUE, SR., and LINDA J. PARDUE, | ) ) ) ) | |
| Defendants/Cross-Defendants/Cross-Claimants, | ) ) | |
| And MIDWEST INSERT COMPOSITE MOLDING AND ASSEMBLY, INC., PRETI CORPORATION, INC., d/b/a QUALITY INNS, GOVINDIAL L. PATEL, and VANITA G. PATEL, | ) ) ) ) ) ) | |
| Defendants/Cross-Claimants/Cross-Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636©, Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment. [Doc. 59].

On January 8, 2007, the parties appeared before the Court for a motion hearing on all pending motions, including: Plaintiff Universal Bonding Insurance Company's ("Universal") Motion for Summary Judgment [Doc. 67]; Defendant Midstate Construction, LLC, ("Midstate") Jerry. W. Pardue, Sr., ("Jerry Pardue") and Linda J. Pardue's ("Linda Pardue") (collectively referred to as "Collective Defendant Midstate") Motion to Dismiss Universal's Motion for Summary

1

Judgment [Doc. 89]; Defendant Midwest Insert Composite Molding and Assembly, Inc. ("Midwest Insert"), Preti Corporation, Inc., d/b/a Quality Inns ("Preti"), Govindial L. Patel ("Govindial Patel"), and Vanita G. Patel's ("Vanita Patel") (collectively referred to as "Collective Defendant Preti") Motion for Partial Summary Judgment [Doc. 73], and Defendant Midstate's Motion to Dismiss Preti's Motion for Partial Summary Judgment [Doc. 91]. Attorney Philip Robertson appeared on behalf of Plaintiff Universal. Attorney Robert Vogel appeared on behalf of Collective Defendant Midstate, and Attorney John Cleveland appeared on behalf of Collective Defendant Preti.

I.     **BACKGROUND**

Midstate contracted with Preti to build a hotel in Tennessee. Bonds were required for the project to guarantee the obligations of Midstate under the Construction Contract [Doc. 10, Attachment A]. Plaintiff Universal secured, procured, or issued the bonds, including a performance bond and a payment bond. [Doc. 1, Exhibit B]. Midstate, Jerry Pardue, Linda Pardue, Midwest Insert, Preti, Govindial Patel, and Vanita Patel executed a General Indemnity Agreement ("Agreement") [Doc. 1, Exhibit A] in favor of Universal to induce Universal to issue, secure, or procure these bonds. Midstate was the principal on the Agreement, but all defendants signed as indemnitors or guarantors and all warranted that each of them was "specifically and beneficially interested in the obtaining of each bond." [¶ 9(C)]. Each defendant obligated themselves jointly and severally for the obligations under the Agreement. [¶ 9(A)]. No defendants have claimed they did not sign the Agreement.

At some point, subcontractors and suppliers were not being paid by Collective Defendants Midstate or Preti. Ultimately, these individuals made claims against the bonds, which

Universal was obligated to pay and paid. Collective Defendants Midstate and Preti have failed to indemnify Universal for these payments. In addition, the Construction Contract was terminated by a Termination Agreement, signed by Midstate, Jerry Pardue, Preti, and Govindial Patel. [Doc. 94-2]. A Release Agreement was also signed by Midstate, Jerry Pardue, Preti, and Govindial Patel, containing language that is part of the present dispute. Ultimately, this litigation ensued.

## II.  PLAINTIFF UNIVERSAL'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Universal filed a motion for summary judgment [Doc. 67] on September 27, 2006. seeking the money they had paid out on claims ($111,508.37), costs incurred for attorneys and consultants ($58,035.16), and for an amount to be held for existing potential claims ($88,133.80). Collective Defendant Preti never filed a response to Plaintiff's motion. Collective Defendant Midstate responded on November 29, 2006, with its Motion to Dismiss Universal's Motion for Summary Judgment [Doc. 89]. Plaintiff Universal replied [Doc. 100] to Collective Defendant Midstate's motion on December 12, 2006.

On January 8, 2007, at the hearing, Collective Defendant Midstate orally withdrew its Motion to Dismiss [Doc. 89], conceding their obligation to Plaintiff Universal. As such, Collective Defendant Midstate's Motion to Dismiss [Doc. 89] is **DENIED as moot**. Collective Defendant Preti orally asserted that it generally had no objection to Plaintiff Universal's summary judgment motion, regarding their obligations for the amounts already paid. However, both Collective Defendants objected to the money requested to be held for potential future claims. Finding that none of the defendants object to Universal's Motion for Summary Judgment regarding Universal's entitlement to the amounts paid to date, the Court **GRANTS** Plaintiff Universal's

Motion for Summary Judgment [Doc. 67], to the extent outlined below.

All parties agreed and the Court finds and holds Plaintiff Universal is entitled to the following damages, as outlined in its motion and accompanying memorandum [Docs. 67, 68]:

>Funds paid to satisfy claims against the bond: $111,508.37
>Fees for Attorneys and Consultants:             $58,035.16
>Total award:                                    $169,543.16

Accordingly, Collective Defendant Midstate and Collective Defendant Preti are to be jointly and severally liable for a damage award in the amount of $169,543.16. However, a further dispute exists as to whether this joint and several liability is to be allocated between the two collective defendants or between all seven individual defendants. This will be discussed below in Section II, B.

### A. The Reserve Fund

In its motion and accompanying memorandum [Docs. 67, 68], Plaintiff Universal also asserted its right to have $88,133.80 placed in a reserve fund. These funds ostensibly will protect Universal from further potential claims against the bond. All parties agreed that Plaintiff was entitled to some form of collateralization in the form of a reserve fund, per the terms of the Agreement [¶ 6]. The parties, however, disagreed on the mechanics of funding said reserve fund.

The Agreement [¶ 6] requires all of the defendants to jointly place cash collateral or "[o]ther property acceptable to Surety [Universal]" in a reserve fund. Universal has submitted proof that $88,133.80 in cash or other acceptable property must be placed in a reserve fund to satisfy the Agreement's terms. [See Affidavit of Vincent Fasano, Doc. 69]. The parties do not dispute the amount, only the form of the funds. Universal argues it is entitled to $88,133.80 in cash, but concedes the Agreement allows for other property, so long as such other property is acceptable to Universal. Accordingly, this Court **ORDERS** all of the defendants to jointly place $88,133.80 in

4

cash or other property acceptable to Universal in a reserve fund to benefit Universal.[1]

Beyond ordering all of the defendants to place some sort of collateral valued at $88,133.80 in a reserve fund to benefit Universal, the Court is not delineating the mechanics.[2] The parties are the most well-suited to determine what form of security is most appropriate for their specific business needs. Thus, the parties are directed to work this issue out among themselves, but, in the event a dispute arises, have leave to seek the Court's intervention. Further, the Court notes this reserve fund is merely that - a reserve fund. The placement of funds in a reserve fund does not remove each defendants' joint and several liability to indemnify Universal for any sums it actually pays out on claims against the bonds.

The Court expects the parties to resolve these issues within thirty days of this Order. The Court further orders the parties to report to the Court, on or before thirty days, whether this issue has been resolved. The Court would prefer an agreed order to accompany any agreement.

---

[1] At the hearing, counsel for Universal asserted that his clients would deem an irrevocable letter of credit as acceptable security for these funds. While the Court is not, at this time, ordering that the parties use a letter of credit to fund the reserve account, the Court is noting that counsel stated such security would be acceptable, and Collective Defendants Midstate and Preti tacitly acknowledged they would agree to this form of collateral.

[2] Collective Defendants Midstate and Preti brought the issue of duration to the Court's attention, regarding how long Universal may keep the collateral in its reserve fund. Again, the Court is not determining the exact mechanics of this issue, but would note that any interest on the account should inure to Collective Defendants' joint benefit. Additionally, such funds should only be kept as long as reasonable, when considering the statute of limitations and other business needs. Should this issue later rise to the status of an irreconcilable problem, Collective Defendants should petition the Court for assistance. Otherwise, based on the discussions with the parties it appears that a date for termination of this reserve fund can be and should be determined by the parties.

### B. Joint and Several Liability Allocation

Regarding Plaintiff Universal's summary judgment, the parties raised the issue of how joint and several liability should be allocated. Collective Defendant Preti argued that the liability should be allocated so that each Collective Defendant, Preti and Midstate, would pay 50 percent of the damages (with the allocation of their 50% to be determined by the individual defendants within each Collective Defendant). Collective Defendant Midstate argued that the liability should be joint and several as to all seven of the defendants; the liability should be divided seven ways, requiring each party to pay $24,220.45 as their *pro rata* share of the damages herein awarded. Plaintiff Universal, relying upon the Agreement [¶ 9(A)], argued for joint and several liability as to all defendants. Accordingly, Universal argued for the damage award to be divided seven ways.

The Agreement was signed by all seven defendants in their individual capacities. [See Doc. 1, Exhibit A, at 5-6]. Paragraph 9 (A) provides "the obligations of the Indemnitors hereunder are joint and several. Surety [Universal] may bring separate suits hereunder against any or all of the Indemnitors as causes of action may accrue hereunder. Surety need not proceed first, or at all, against the Principal." Thus, this Court finds that any damages awarded must be joint and several and allocated against to each of the seven defendants individually.

## III. PRETI'S MOTION FOR SUMMARY JUDGMENT

Collective Defendant Preti moved for partial summary judgment [Doc. 73] against Collective Defendant Midstate on September 29, 2006. On November 29, 2006, Collective Defendant Midstate responded by moving to Dismiss Collective Defendant Preti's Motion [Doc. 91].

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of establishing that there is no genuine issue of material fact lies upon the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In considering a motion for summary judgment, the Court must take all of the evidence submitted by the non-moving party as true, and must draw all reasonable inference in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. Id. at 248. The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. Id.

Once the moving party presents evidence sufficient to carry its burden under Rule 56, the non-moving party may not rest upon its pleadings, but must affirmatively set forth, by affidavits or otherwise, "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). An entry of summary judgment is mandated if, "after adequate time for discovery and upon motion, [the non-moving party] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the evidence, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52; see also Gaines v. Runyon, 107 F.3d 1171, 1174-75 (6th Cir. 1997) (requiring non-moving party "to present some significant probative evidence that makes it necessary to resolve the parties' differing versions of

7

the dispute at trial" in order to defeat summary judgment).

In the present matter, Collective Defendant Preti moved for partial summary judgment [Doc. 73] against Collective Defendant Midstate for indemnification and contribution of all sums for which judgment may be entered against Collective Defendant Preti. In its supporting memorandum [Doc. 74], Collective Defendant Preti cited to Tennessee Code Annotated Section 25-3-122 (2006), which states: "sureties are entitled to judgment by motion against their principals: (1) whenever judgment has been rendered against them a such sureties; (2) whenever such judgment, or any part thereof, has been paid by the surety." Additionally, Collective Defendant Preti argued for reimbursement of its attorneys' fees expended in defense of the overarching lawsuit.

Collective Defendant Midstate responded [Doc. 91] by arguing that Collective Defendant Preti failed to establish a lack of a genuine issue of material fact, as required by summary judgment standards. Collective Defendant Midstate, in its supporting memorandum [Doc. 92], argued that Midstate was forced to secure a bond, and that Govindial Patel received a financial benefit from assisting in the bond's procurement. Collective Defendant Midstate also argued that Preti and Govindial Patel released Midstate and Jerry Pardue from the Construction Contract in February of 2006, and, in so doing, agreed to indemnify Collective Defendant Midstate for any claims arising after the termination of the Construction Contract. Collective Defendant Midstate further argued that it has proof Collective Defendant Preti sent subcontractors to Universal to be paid under the bond instead of paying these subcontractors with funds provided by Collective Defendant Preti's lender for such payment.

Collective Defendant Preti replied [Doc. 101] to Collective Defendant Midstate's response [Doc. 91] asserting that Collective Defendant Preti's lender, not Collective Defendant Preti

itself, required the bond. Additionally, Collective Defendant Preti claims no evidence exists that Collective Defendant Preti sent subcontractors to Universal for payment under the bond. Collective Defendant Preti argued Midstate and Jerry Pardue were released from the Construction Contract, but that said release did not release Collective Defendant Midstate from financial obligations arising thereunder or thereafter. Both parties presented evidence in the forms of affidavits and portions of deposition transcripts to support their respective positions. [See Docs. 74, 92, 101, 95-99].

At the hearing, both parties argued consistent with their filed motions. Collective Defendant Midstate claimed Collective Defendant Preti acted with unclean hands, requiring a bond in order to receive a kickback and by not paying the claimants but rather sending them towards the bond for payment of their claims. Collective Defendant Preti vehemently argued against Collective Defendant Midstate's assertions, claiming that Collective Defendant Preti was forced to send claimants towards the bond because of Collective Defendant Midstate's refusal to pay them.

The Court finds that genuine issues of material fact exist, including whether: (1) Collective Defendant Preti (or any individual Defendants therein) received financial remuneration from requiring Collective Defendant Midstate to procure a bond; (2) Collective Defendant Preti (or any individual Defendants therein) should have paid, but failed to pay subcontractors in the normal course of business, and rather sending subcontractors towards the bond for payment; (3) Collective Defendant Midstate (or any individual Defendants therein) was released from further financial obligations when the Construction Contract was terminated; (4) whether Collective Defendant Midstate (or any individual Defendants therein) was obligated to pay the subcontractors but failed to do so; (5) whether Collective Defendant Midstate (or any individual Defendants therein) waived any claims against Collective Defendant Preti (or any individual Defendants therein) (by virtue of

9

Doc. 94 or otherwise), and thus has waived any cross-claim; (6) whether the Collective Defendants' and individual Defendants' entry into the Indemnity Agreement with Universal created a novation or otherwise superceded the Construction Contract with regard to damages as between Collective Defendants Preti and Midstate (or any individual Defendants within either Collective Defendant), and, if so, what affect this has regarding the various defendants' liability to each other; (7) whether the provisions of the Construction Contract, including, but not limited to, the Indemnity provision of Section 8.10 are enforceable, after the fact of termination, and, if so, to what extent; (8) whether the parties entered into an enforceable agreement after termination of the Construction Contract that provided for who would be liable for any outstanding debts and/or claims and, if so, to what extent. All eight of these issues have been presented with supporting proof and proffers of proof on both sides, clearly demonstrating genuine issues of material fact exist. If the parties believe any additional issues remain for trial, those issues should be added to these in the proposed pretrial order, which is due thirty days before trial.

In sum, numerous genuine issues of material fact exist with regard to Collective Defendant Preti's motion [Doc. 73]. Such determinations are left to the trier of fact as they involve matters of credibility and the sufficiency of the proof. Thus, this matter is not appropriate for summary judgment. Accordingly, Defendant Preti's Motion for Partial Summary Judgment [Doc. 73] is **DENIED**, and Defendant Midstate's Motion to Dismiss Preti's Motion for Summary Judgment [Doc. 91] is **GRANTED**. The issues raised in both motions [Docs. 73, 91] will be determined at trial.

## IV. SCHEDULING

At the hearing, the parties consented to a new bench trial date of April 2, 2007. The parties did not have their calendars with them, so counsel was instructed to check their calendars and inform the court whether the April 2, 2007 date would be acceptable. Attorney Vogel called the Court within the week and reported that all counsel had agreed on a new date of April 17, 2007. Therefore , the bench trial in this matter has been scheduled for **April 17, 2007, at 9:00 a.m.**, and is scheduled to last two to three days.

## V. CONCLUSION

Accordingly, it is ordered that:

(1) Plaintiff Universal's Motion for Summary Judgment [Doc. 67] be **GRANTED**, awarding Plaintiff $169,543.16 in damages against all defendants, jointly and severally, to be allocated seven ways;

(2) Collective Defendants Midstate and Preti are ordered to jointly place $88,133.80 in cash or other acceptable collateral in a reserve fund to benefit Plaintiff;

(3) The parties are ordered to report to this Court, on or before **thirty days from the issuance of this Order**, whether an agreement has been reached as to the reserve fund. The Court prefers such an agreement to be accompanied by an agreed order;

(4) Collective Defendant Midstate's Motion to Dismiss Universal's Motion for Summary Judgment [Doc. 89] is **DENIED as moot**;

(5) Collective Defendant Preti's Motion for Partial Summary Judgment [Doc. 73] is **DENIED** for the reasons set forth above;

(6) Collective Defendant Midstate's Motion to Dismiss Collective Defendant Preti's Motion for Partial Summary Judgment [Doc. 91] is **GRANTED**;

(7) The parties are to submit to the Court a Pretrial Order on or before

**March 19, 2007**;

(8) The Pretrial Conference will occur on **March 27, 2007, at 9:30 a.m.** before the undersigned; and

(9) The Bench Trial will commence on **April 17, 2007, at 9:00 a.m.** before the undersigned.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge